IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATHANIEL ARMSTRONG**<br>27305 Tinkers Valley Drive<br>Glenwillow, Ohio 44139<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF EAST CLEVELAND**<br>14340 Euclid Avenue<br>East Cleveland, Ohio 44112<br><br>Defendant, | **CASE NO:**<br><br><br><br>**JUDGE**<br><br><br><br>**COMPLAINT (JURY DEMAND ENDORSED HEREON)** |

Plaintiff, Nathaniel Armstrong as his Complaint against the Defendant, states and avers the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Counts I and III pursuant to 28 U.S.C. § 1331 because the claims are set forth pursuant to the law of the United States of America.

2. The Court has supplemental jurisdiction over Counts II and VI, Plaintiff's state law claim, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts as Counts I and III.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the cause of action occurred in Cuyahoga County in the State of Ohio, within the jurisdiction of Northern District of Ohio, Eastern Division.

4. All of the material events alleged in this Complaint occurred in Cuyahoga County.

5. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1)(2) and (4).

6. Venue is proper pursuant to Civ. R. 3(C)(2)(3) and (6).

## PARTIES

7. Plaintiff Nathaniel Armstrong (hereinafter "Mr. Armstrong") is a resident of the Village of Glenwillow, in the County of Cuyahoga, in the State of Ohio.

8. At all relevant times, Mr. Armstrong was an "employee" within the meaning of Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq., 29 U.S.C. § 203(e), the Ohio Constitution, and Ohio Revised Code § 4112.

9. Defendant The City of East Cleveland (hereinafter "East Cleveland") is a governmental body headquartered in the City of East Cleveland, in County of Cuyahoga, in the State of Ohio.

10. Defendant East Cleveland's headquarters is located at 14340 Euclid Avenue, East Cleveland, Ohio 44112.

11. At all relevant times, Defendant East Cleveland was an "employer" within the meaning of Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq., 29 U.S.C. § 203(d), the Ohio Constitution, and Ohio Revised Code § 4112.

## ADMINISTRATIVE PROCESS EXHAUSTED

12. Within 10 days of the conduct alleged below, Mr. Armstrong attempted to file a grievance with his union, International Association of Fire Fighters Local 500 (hereinafter "Local 500").

13. Mr. Armstrong took all possible steps to have Local 500 file a grievance to protect his job.

14. To Mr. Armstrong's knowledge, Local 500 has not properly processed Armstrong's grievance nor scheduled an administrative hearing.

15. Plaintiff has exhausted any contractual remedies to the best of his abilities.

16. Within 300 days of the conduct alleged below, Mr. Armstrong dually filed a Charge of Discrimination with the EEOC and OCRC against East Cleveland (Charge No. 532-2022-00136) ("East Cleveland Charge") alleging discrimination on the basis of disability.

17. In a letter dated March 20, 2023 and received by Plaintiff on or around March 20, 2023, the EEOC issues the Notice of Right to Sue Letter to Mr. Armstrong regarding the East Cleveland Charge.

18. Mr. Armstrong has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue Letter.

19. Mr. Armstrong has properly exhausted his administrative remedies under Ohio Revised Code § 4112.01 *et seq*.

## FACTS

20. In December 1991, Mr. Armstrong began working for East Cleveland.

21. Mr. Armstrong worked as a First Grade Firefighter throughout his employment with East Cleveland

22. Beginning in approximately 2011, Mr. Armstrong stepped into the Acting Lieutenant position six months out of each year.

23. In 2016, Mr. Armstrong became Superintendent of Buildings along with his other titles.

24. Mr. Armstrong had a family emergency that required he take leave under the Family Medical Leave Act.

25. On August 2, 2019, Mr. Armstrong was diagnosed with adjustment disorder with mixed anxiety and depressed mood by Dr. Edwin R, Shirley, Ph.D.

26. Dr. Shirley directed Armstrong to remain off work until his symptoms had improved.

27. Mr. Armstrong notified East Cleveland of this diagnosis.

28. Mr. Armstrong requested additional leave for his serious health condition.

29. Mr. Armstrong provided supporting medical documentation from Dr. Shirley to East Cleveland.

30. As a result of Mr. Armstrong's disclosure, East Cleveland knew that Armstrong suffered from disabilities and/or mental impairments.

31. In the alternative, East Cleveland perceived Mr. Armstrong as being disabled and/or suffering from mental impairments.

32. Mr. Armstrong was approved for additional leave by East Cleveland.

33. Mr. Armstrong's leave was a reasonable accommodation under the Americans with Disabilities Act.

34. Mr. Armstrong continued to regularly attend appointments with Dr. Shirley over the following 14 months.

35. In late September 2020, Mr. Armstrong notified East Cleveland of his intent to return to work.

36. At that time, Mr. Armstrong was able to perform the essential functions of his job.

37. East Cleveland insisted Mr. Armstrong undergo a fitness for duty test to return to work by East Cleveland's preferred provider.

38. Fitness for duty tests fall outside of the procedure for returning to work under Local 500's Collective Bargaining Agreement.

39. On September 10, 2020, Mr. Armstrong underwent the Fitness of Duty Evaluation to Return to Duty conducted by Michael W. Faust, PH.D.

40. The Fitness for Duty Evaluation stated, "[n]one of the instruments or findings, including the MMPI-II or the HLAP should be used as a sole source of endorsing or denying employment to an applicant due to the presence of predictive error in each instrument."

41. Dr. Faust's direct evaluation of Mr. Armstrong lasted approximately thirty minutes.

42. At the conclusion of the evaluation, Dr. Faust did not recommend Mr. Armstrong to return to work as a firefighter.

43. Dr. Faust did not notify Mr. Armstrong of the recommendation at the conclusion of the evaluation.

44. Following the evaluation, Mr. Armstrong made follow-up calls to East Cleveland on several occasions as he was eager to return to work.

45. East Cleveland recommended Armstrong retire or seek disability.

46. On October 1, 2020, Mr. Armstrong received a second opinion from Dr. Shirley.

47. Dr. Shirley cleared Mr. Armstrong to return to work without restrictions.

48. Mr. Armstrong provided East Cleveland with a note from Dr. Shirley releasing him to full duty.

49. East Cleveland would not accept Dr. Shirley's determination.

50. On October 8, 2020, Mr. Armstrong met with East Cleveland Mayor Brandon King (hereinafter "King") and Assistant Mike Smedley (hereinafter "Smedley).

51. According to the International Association of Fire Fighters Return to Duty Manual, "In the event there is a conflict between the first and second opinion [in a fitness for duty evaluation], the employer may require the employee to obtain a certification from a third healthcare provider." (hereinafter "IAFF Return to Duty Manual")

52. Smedley stated East Cleveland would "stick" with Dr. Faust's recommendation.

53. East Cleveland refused to allow an independent, third-party doctor to examination Mr. Armstrong.

54. Mr. Armstrong requested East Cleveland provide him with Dr. Faust's evaluation records.

55. East Cleveland refused to provide Mr. Armstrong with the evaluation records.

56. In East Cleveland's position statement to the EEOC, East Cleveland asserts Dr. Shirley never released any substantiating medical records to Dr. Faust regarding Armstrong's ability to return to work (hereinafter "Position Statement").

57. East Cleveland's statement in the Position Statement is false, as on November 17, 2020, Dr. Shirley provided Mr. Armstrong's medical records to Dr. Faust for reconsideration.

58. On November 18, 2020, Dr. Faust finally released the medical records pertaining to Armstrong's evaluation.

59. On November 19, 2020, Dr. Shirley and Dr. Faust had a telephone conference to discuss Armstrong's fitness for duty.

60. Upon information and belief, Dr. Faust refused to reconsider his recommendation.

61. Dr. Faust and Dr. Shirley agreed to speak again regarding Mr. Armstrong, if necessary.

62. Dr. Shirley recommended Mr. Armstrong undergo a third medical opinion to determine fitness for duty.

63. East Cleveland once again refused to comply with the IAFF Return to Duty Manual and denied Mr. Armstrong's right to a third opinion.

64. On January 4, 2021, Mr. Armstrong received a letter dated December 21, 2020 terminating his employment with East Cleveland.

65. The termination letter stated the reason for termination as unfit for duty.

66. East Cleveland's terminated Mr. Armstrong because Mr. Armstrong is disabled.

67. The termination of Mr. Armstrong's employment was an adverse employment action.

68. East Cleveland's purported reason for Mr. Armstrong's termination is pretext for disability discrimination.

69. In the Position Statement, East Cleveland asserts that a reasonable accommodation was offered to Armstrong prior to termination; by offering Mr. Armstrong the position of Building Inspector.

70. At no time did East Cleveland offer Mr. Armstrong a Building Inspector position as a reasonable accommodation.

71. At no time did East Cleveland offer Mr. Armstrong any accommodation in lieu of termination.

72. At no time did East Cleveland engage in an interactive process to discuss accommodations with Mr. Armstrong.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT; 42 U.S.C. § 12101, et seq.

73. Mr. Armstrong restates each and every prior paragraph of this complaint, as if it were fully restated herein.

74. Mr. Armstrong suffers from adjustment disorder with mixed anxiety and depressed mood.

75. As a result of Armstrong's adjustment disorder with mixed anxiety and depressed mood, Armstrong is disabled.

76. At the time Defendant terminated Mr. Armstrong, Defendant was aware that Armstrong suffered from a disability and/or mental impairment.

77. Defendant violated the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. (hereinafter "ADA"), when they discharged Mr. Armstrong based on his disability.

78. As a result of Defendant's discrimination against Armstrong in violation of the ADA, Armstrong has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

79. In its discriminatory actions as alleged above, Defendant East Cleveland acted with malice or reckless indifference to the rights of Mr. Armstrong, thereby entitling Mr. Armstrong to an award of punitive damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE § 4112 *et seq.*

80. Mr. Armstrong restates each and every prior paragraph of this complaint, as if it were fully restated herein.

81. Mr. Armstrong suffers from adjustment disorder with mixed anxiety and depressed mood.

82. As a result of Mr. Armstrong's adjustment disorder with mixed anxiety and depressed mood, Armstrong is disabled.

83. At the time Defendant terminated Armstrong, Defendant was aware that Armstrong suffered from a disability.

84. Defendant violated R.C. § 4112.02(A) when they discharged Mr. Armstrong based on his disability.

85. As a result of Defendant's discrimination against Mr. Armstrong in violation of R.C. § 4112.02(A), Mr. Armstrong has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

86. In its discriminatory actions as alleged above, East Cleveland acted with malice or reckless indifference to the rights of Mr. Armstrong, thereby entitling Mr. Armstrong to an award of punitive damages.

## COUNT III: FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; 42 U.S.C. § 12101, et seq.

87. Mr. Armstrong restates each and every foregoing paragraph of this complaint, as if it were fully restated herein.

88. Because of Mr. Armstrong's disability, he is a member of a protected class under the ADA.

8

89. After his recovery from his disability, Mr. Armstrong was able to perform the essential job functions with or without a reasonable accommodation.

90. Despite Mr. Armstrong's recovery, Defendant East Cleveland deemed him unfit to return as a firefighter.

91. East Cleveland failed to engage in an interactive process with Armstrong to allow him to return to work.

92. By failing to engage in an interactive process with Mr. Armstrong, Defendant East Cleveland engaged in a *per se* violation of the ADA.

93. Defendant East Cleveland's actions amount to discrimination on the basis of disability, perceived disability, and/or perceived physical/mental impairment in violation of the ADA.

94. As a result of Defendant East Cleveland's discrimination against Mr. Armstrong in violation of the ADA, he has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive, equitable, and compensatory monetary relief.

95. As a result of Defendant East Cleveland's discrimination against Mr. Armstrong in violation of the ADA, he has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, and physical injury.

96. In its discriminatory actions as alleged above, Defendant East Cleveland acted with malice or reckless indifference to the rights of Mr. Armstrong, thereby entitling him to an award of punitive damages.

97. To remedy the violations of the rights of Mr. Armstrong secured by the ADA, he requests that the Court award him the relief demanded below.

## **COUNT VI: FAILURE TO ACCOMMODATE IN VIOLATION OF OHIO REVISED CODE § 4112.02** *et seq.*

98. Mr. Armstrong restates each and every foregoing paragraph of this complaint, as if it were fully restated herein.

99. Because of Mr. Armstrong's disability, he is a member of a protected class under R.C. § 4112.01(A)(13).

100. After his recovery from his disability, he was able to perform the essential job functions with or without a reasonable accommodation.

101. Despite Mr. Armstrong's recovery, Defendant East Cleveland deemed him unfit to return as a firefighter.

102. Defendant East Cleveland failed to engage in an interactive process with Mr. Armstrong to allow him to return to work.

103. By failing to engage in an interactive process with Mr. Armstrong, Defendant East Cleveland violated R.C. § 4112.02(A), which prohibits discrimination on the basis of disability, perceived disability, and perceived physical/mental impairment.

104. Defendant East Cleveland's actions amount to discrimination on the basis of disability, perceived disability, and/or perceived physical/mental impairment in violation of R.C. § 4112.02(A).

105. As a result of Defendant East Cleveland's discrimination against Mr. Armstrong in violation of Ohio Revised Code § 4112.02(A), he has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive, equitable, and compensatory monetary relief.

106. As a result of East Cleveland's discrimination against Mr. Armstrong in violation of Ohio Revised Code § 4112.02(A), he has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, and physical injury.

107. In its discriminatory actions as alleged above, Defendant East Cleveland acted with malice or reckless indifference to the right of Mr. Armstrong, thereby entitling him to an award of punitive damages.

108. To remedy the violations of the rights of Mr. Armstrong secured by Ohio Revised Code § 4112.02(A), he requests that the Court award him the relief demanded below.

## **DEMAND FOR RELIEF**

WHEREFORE, Mr. Armstrong demands from Defendant East Cleveland the following:

(a) Issue an order requiring Defendant East Cleveland to restore Mr. Armstrong to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant East Cleveland of compensatory and monetary damages to compensate Mr. Armstrong for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant East Cleveland in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Mr. Armstrong claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
135 Southwood Rd.
Akron, OH 44313
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
135 Southwood Rd.
Akron, OH 44313
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff*